**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                  CR 12-412 MCA

OMAR COTA, HENRY SIMENTAL,
ANDRES SABADO, MICHAEL
MCALLISTER,

       Defendants.

<u>**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**</u>

**THIS MATTER** comes before the Court on United States Magistrate Judge

Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed

on August 6, 2013, (Doc. 417), and Defendant Andres Sabado's *Objections to

Proposed Findings and Recommended Disposition* ("Objections"),[1] filed on August 20,

2013, (Doc. 428).  After a *de novo* review of the PFRD, the Objections, and the record,

this Court adopts the *Proposed Findings and Recommended Disposition* and overrules

Defendants' Objections.

      *Defendant Marco Jimenez's Amended Motion to Suppress Evidence Obtained as

Fruit of an Illegal Title III Wiretap* ("Motion to Suppress"), was filed on November 23,

2012, (Doc. 234), and joined by Defendants Omar Cota, Henry Simental, Andres

Sabado, and Michael Mcallister.  In their Motion to Suppress, Defendants argued that

the application and supporting affidavit for an order authorizing the use of a wiretap did

not demonstrate probable cause or necessity.  (*See generally*, Doc. 234).  In the PFRD,

---

[1] *Defendant Michael McCallister's Notice of Joinder in the Objections to Proposed Findings and
Recommended Disposition [Doc. 428]* was filed on August 21, 2013.  (Doc. 429).

Judge Garza found that, based on the totality of the circumstances described in the affidavit, there was a substantial basis for finding probable cause.  (Doc. 417 at 10).  Judge Garza also found that the affidavit "adequately demonstrated the necessity of a wiretap to further the stated investigative objectives" and it was not an abuse of discretion to authorize the interception of communications.  (Doc. 417 at 16).

**Objections**

In their Objections, Defendants raise substantially the same arguments that were raised in the Motion to Suppress and at the evidentiary hearing regarding the alleged insufficiency of the affidavit to support findings of probable cause and necessity.  (Doc. 428 at 1-4).

Defendants first assert that the information in the affidavit was speculative and did not support a finding that there was probable cause to believe that Defendant Raul Simental would use the target telephone to commit the offenses listed in the affidavit. (Doc. 428 at 1).  Judge Garza addressed this argument in the PFRD, finding that the affidavit contained enough information to believe that, one more than one occasion, Simental used the target telephone to facilitate the sale of methamphetamine to a confidential source.  (Doc. 417 at 8-9).  As explained in the PFRD, the finding of probable cause is based on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 231 (1983).  It is not unreasonable to believe that Simental would continue arranging drug transactions over the telephone, given that he had already done it on multiple occasions.  Defendants are incorrect that an individual's willingness to conduct drug transactions over the telephone with one customer on more than one occasion is

not probative of his willingness to do so with another.  Drawing inferences from

Simental's behavior with the confidential source to predict how he might behave with

others is not unreasonable.

Defendants also argue that the affidavit did not contain sufficient information to

infer that there was a conspiracy beyond Defendants Simental and Octavio Baca-

Rodriguez.  (Doc. 428 at 1-3).  In furtherance of this argument, Defendants contend that

they demonstrated that the allegation that the source of Simental's methamphetamine

was from Mexico was unreliable.  (Doc. 428 at 2).  However, this objection is not a

reason to reject the recommendation, as Judge Garza did not rely on Simental's source

being from Mexico as support for her findings.  She pointed to Simental's

acknowledgement that his source was from Mexico as evidence of a conspiracy

involving at least one other individual, not for the fact that the source of the

methamphetamine was in Mexico.  (Doc. 417 at 10).  This Court agrees with Judge

Garza's finding that, based on the totality of the circumstances described in the affidavit,

there was a substantial basis to find probable cause.

In their Objections, Defendants also argue that the information contained in the

affidavit was not sufficient to find that wiretapping was necessary.  (Doc. 428 at 3-4).

Their primary argument is that the affidavit's discussion of the futility of alternative

investigative techniques was "based on speculative assumptions of the existence" of

other members of the conspiracy.  (Doc. 428 at 3-4).  As discussed above, there was a

substantial basis to believe that others were involved in a conspiracy with Simental and

Baca-Rodriguez.  As discussed in the PFRD, the affidavit sufficiently explained the

alternative investigative methods that were used and difficulties associated with using

those techniques to discover these individuals.  (Doc. 417 at 14); *see also United States v. Milton*, 153 F.3d 891 (8th Cir. 1998); *United States v. Torres*, 908 F.2d 1417 (9th Cir. 1990); *United States v. Newman*, 733 F.2d 1395 (10th Cir. 1984).  Judge Garza properly found that it was not an abuse of discretion to find that wiretapping is necessary under the circumstances presented in this case; this objection is overruled.

For the reasons explained above, the Magistrate Judge's *Proposed Findings and Recommended Disposition*  is **ADOPTED** and *Defendant Marco Jimenez's Amended Motion to Suppress Evidence Obtained as Fruit of an Illegal Title III Wiretap* is **DENIED**.

M. CHRISTINA ARMIJO
Chief United States District Judge